SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00312-AB-02** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **PETER LOZANO CABRERA,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 27 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant was involved in selling an incredibly addictive, destructive, and deadly poison within the greater Portland, Oregon metropolitan area. Fentanyl has been devastating the community, and this defendant was preying upon some of our most vulnerable community members for his own personal profit. Given the nature of the case; defendant's advisory sentencing guidelines; the societal harm caused by fentanyl; and, the defendant's personal history and characteristics, which includes a prior guilty plea in a drug case and two outstanding

drug case related arrest warrants, the government believes the requested sentence is both reasonable and justified. The defendant will also very likely be deported to Honduras as a result of his conviction.

**A. Summary of Proceedings.**

On April 1, 2026, the defendant pled guilty to Count 1 of the Indictment which charged him with engaging in a Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The maximum sentence the Court may impose is a term of 40 years' imprisonment, a fine of $5,000,000, and at least four years of supervised release. The count of conviction carries a $100 fee assessment.

A Presentence Report (PSR) has been completed. The government has no objection to the facts underlying the defendant's count of conviction (PSR ¶¶ 19 - 22), Sentencing Guideline calculations (PSR ¶¶ 27 - 36), and Criminal History (PSR ¶¶ 39 - 42) are accurately outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

> At trial the government could prove that defendant conspired with others to distribute and possess with intent to distribute fentanyl here within the District of Oregon. As part of this conspiracy, on or about July 3, 2025, within the District of Oregon, law enforcement investigators arrested the defendants when they showed up to complete a drug deal and they then searched their vehicle. Inside the vehicle investigators found and seized approximately 226 grams of powdered fentanyl. Trained drug investigators would testify that the amount of fentanyl seized indicated it was possessed for purposes of further distribution. Fentanyl is a Schedule II controlled substance.

Plea Agreement ¶ 6.

///

The defendant was the driver of the vehicle and his co-defendant Navarro was the passenger. Criminal Complaint ¶ 9. The co-defendant also pled guilty and on June 24, 2026, after finding the co-defendant qualified for a role reduction, was a "Zero Point Offender," and based upon other mitigating factors, the Court sentenced him to credit for time served.

During a post-arrest interview, after being advised of his constitutional *Miranda* rights in Spanish, this defendant admitted that they had received a phone call instructing them to deliver fentanyl and that he had been selling fentanyl for approximately 10 days. PSR ¶ 22, Criminal Complaint ¶¶ 11, 14.

**B. Government's Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

**Base Offense Level**

The parties agree that defendant's relevant conduct, pursuant to USSG §§ 1B1.3 and 2D1.1(a), is between 160 and 280 grams of fentanyl for an initial Base Offense Level of 26. PSR ¶ 27, Plea Agreement ¶ 8.

///

///

///

**Safety Valve**

Because the defendant satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and USSG § 2D1.1(b)(18), the parties are asking the Court to grant him a two-level downward departure in his Sentencing Guidelines. PSR ¶ 28, Plea Agreement ¶ 9.

**Acceptance of Responsibility**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 34 - 35, Plea Agreement ¶ 11.

**3553(a) Variance**

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a three-level downward variance in his overall offense level. Plea Agreement ¶ 12.

The government's three-level 3553(a) reduction would result in an Adjusted Offense Level of 18 and with a Criminal History Category of I, and advisory sentencing guideline range of 27to 33 months' imprisonment.

Defendant is not a "Zero Point" Offender, pursuant to USSG § 4C1.1. He has been in federal custody since his arrest on July 3, 2025.

///

**C. Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), we ask the Court to impose a sentence of 27 months' imprisonment, to be followed by a three-year term of supervised release.

The defendant was selling fentanyl, an extremely addictive, destructive, and deadly poison that has been devastating the community. According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region. In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho. Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's. Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

The death toll from fentanyl is truly frightening. For Americans aged 18 to 45, overdoses – primarily the result of illicit fentanyl – remain the leading cause of death. *CDC Reports Nearly 24% Decline in U.S. Drug Overdose Deaths*, CDC NEWSROOM (Feb. 25, 2025); *DEA Administrator on Record Fentanyl Overdose Deaths,* GET SMART ABOUT DRUGS (August 17, 2024). In 2022, within the United States, fentanyl was responsible for an average of more than 200 deaths every day and a total of 73,654 people died from fentanyl overdoses. *Are Fentanyl Overdose Deaths Rising in the U.S.*, USAFACTS (Sept. 27, 2023). Here in Oregon, between 2015 and 2021, Oregon experienced a 932% increase in fentanyl overdose deaths. *Fentanyl by State Report*, FAMILIES AGAINST FENTANYL (Feb. 4, 2023). In 2022, Oregon alone experienced a total of 839 fentanyl related overdose deaths. OREGON HEALTH AUTHORITY OREGON DEPARTMENT OF EDUCATION FENTANYL & OPIOID RESPONSE TOOLKIT FOR SCHOOLS (January

2024). In 2023, within Oregon there were 1,833 overdose deaths, and of those 1,272 were the result of synthetic opioids, such as illicit fentanyl. *Oregon Overdose Prevention Dashboard*, OREGON HEALTH AUTHORITY (May 1, 2025). In 2023, "Oregon had the highest rate of increase in fentanyl deaths in the nation with a one-year increase of more than 67[%], compared to a national average of 5[%]." *Oregon, Washington see largest increases in fentanyl deaths since last year*, KPTV 12 (Sept. 26, 2023).

Even with the most recent decreases in overdose deaths, both nationally and in Oregon, "[f]entanyl continues to be the primary cause of drug overdose deaths in the United States," to include here within Oregon. *Fentanyl Continues to Be the Leading Cause of Overdose Deaths. What's Being Done to Combat Trafficking into the United States?,* WATCHBLOG: FOLLOWING THE FEDERAL DOLLAR, U.S. GOVERNMENT ACCOUNTABILITY OFFICE (Sept. 4, 2025); *Oregon overdose deaths are down, CDC data shows,* OREGON HEALTH AUTHORITY (May 16, 2025) (While "Oregon's overdose deaths decreased 22% between December 2023 and December 2024, a trend similar to that experienced nationwide . . . The count is still much higher than pre-pandemic years, with 1,480 deaths within that one-year time span, CDC data show."); *U.S. Overdose Deaths Decrease Almost 27% in 2024,* NATIONAL CENTER FOR HEALTH STATISTICS, U.S. CENTERS FOR DISEASE CONTROL AND PREVENTION (CDC) (May 14, 2025)( https://www.cdc.gov/nchs/pressroom/ releases/20250514) (in 2024 "there were there were an estimated 80,391 drug overdose deaths in the United States – a decrease of 26.9% from the 110,037 deaths estimated in 2023" and of those deaths, in 2023, 76,282 involved synthetic opioids (fentanyl) and in 2024, 48,422 involved synthetic opioids (fentanyl)).

///

The defendant was selling an extremely deadly poison – and he comes before the Court after having previously pled guilty in 2024 in a San Francisco, California case in which he possessed fentanyl for sale. PSR ¶ 39. He failed to appear for sentencing in that case and an arrest warrant was issued. *Id.* Defendant also has a second arrest warrant as a result of another San Francisco case in which he is alleged to have possessed both fentanyl and methamphetamine for sale. PSR ¶ 42.

We have no doubt that the defendant came to the United States seeking more opportunities than he thought were available to him in Honduras. However, that experience does not provide any justification or excuse for the harm he in turn inflicted upon others. Fentanyl kills. Even in very small amounts, fentanyl is a deadly poison and this defendant distributed that poison for the sole purpose of making money – and without any regard for the harm he was causing others.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 27 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a three-year term of supervised release.

///

At the time of sentencing we ask the Court to dismiss Count 2.

There is an appeal waiver.

Following his time in custody the defendant will likely be deported to Honduras.

Dated: August 19, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ Scott Kerin

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney